IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                      NO.  CR 04-0550 RB

DOUGLAS RAY PACE
and ARACELIA SALINAS,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came before the Court on Defendant Pace's Motion to Suppress Evidence and Statements (Doc. 25), filed on August 1, 2004.  Defendant Salinas was permitted to join in the motion.  On November 2, 2004, I held a hearing, received evidence on the knock and announce issue, and heard arguments.  Having considered the briefs, evidence, arguments of counsel, and being otherwise fully advised, I find that this motion should be denied.

I.    **Facts.**

On February 27, 2004, at approximately 7:30 a.m., law enforcement agents from the Lea County Drug Task Force (LCDTF), the Hobbs Police Department (HPD), and New Mexico State Police executed a search warrant at a small house located at 1017 E. Jackson Road in Hobbs, New Mexico.  LCDTF Agent John Martinez testified that HPD officers approached the front door first because they were wearing regular police uniforms.  Martinez was wearing a black outfit with "Police" emblazoned on it and a balaclava.  The HPD officers knocked on the door and shouted "police - search warrant."  They waited 10 to 15 seconds and received no response.  One HPD officer attempted to kick the door in.  After three unsuccessful kicks, a second HPD officer successfully

kicked the door in.  The officers and agents entered the house with weapons drawn. Pace was an overnight guest in the home.

The search warrant was issued on February 26, 2004, based on the affidavit of LCDTF Agent James Torrez. (Gov. Ex. 1.)  The affidavit describes the residence, identifies the house as Pace's residence, identifies cocaine and related items as the object of the search, and recounts Agent Torrez's law enforcement experience.  The affidavit states that "[d]uring the course of an ongoing investigation," Agent Torrez "received information" that Pace "was involved in the sale of crack cocaine from his residence."

The affidavit further states that, early in the morning of February 26, 2004, Agent Torrez seized 19 white plastic trash bags from the alley behind the residence.  The trash bags had been placed there within 24 hours of the seizure because an officer did not observe any trash in the alley on February 25, 2004.  A search of the trash revealed a plastic sandwich bag with marijuana residue, three ends of burnt marijuana cigarettes, a ziploc bag with white residue consistent with powder cocaine, and several other sandwich bags with the corners cut off.  Based on Agent Torrez's law enforcement experience, these items were consistent with the distribution of cocaine.  In addition to these items, agents found a fifth grade basketball team roster from Southern Heights Elementary with "Douglas Pace" listed as the coach, and a K-Mart flyer with the address of 1017 E. Jackson in the trash bags.  The residue in the bags field tested positive for marijuana and cocaine.

## II.  Discussion.

Pace argues that the search violated his Fourth Amendment rights because (1) the search warrant affidavit relied on an uncorroborated confidential source and contained false information; and (2) the agents failed to honor the knock and announce requirement.

The Government contends that Pace does not have standing to challenge the search because he claims he was not a resident of the house. Counsel for Pace proffered that Pace was an overnight guest at 1017 E. Jackson and that he lives elsewhere in Hobbs. The Government did not contest this proffer. An overnight guest has standing to challenge a search of a home. *Minnesota v. Olson*, 495 U.S. 91, 98 (1990); *United States v. Thomas*, 372 F.3d 1173, 1176 (10th Cir. 2004). Pace has standing to challenge the search.

Pace claims that the warrant was defective because the affidavit contained no statements as to the reliability of the informant. Informant information in a search warrant affidavit is evaluated under the "totality of the circumstances" test. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). A search warrant must be supported by probable cause, requiring "more than mere suspicion but less evidence than is necessary to convict." *United States v. Danhauer*, 229 F.3d 1002, 1005 (10th Cir. 2000) (quoting *United States v. Burns*, 624 F.2d 95, 99 (10th Cir.1980)). An affidavit establishes probable cause for a search warrant if the totality of the information contained therein establishes "the probability that evidence of criminal activity would be located in the desired search area." *United States v. Wittgenstein*, 163 F.3d 1164, 1171 (10th Cir. 1998). This court must accord "great deference to the issuing magistrate judge's decision." *United States v. Kennedy*, 131 F.3d 1371, 1375 (10th Cir. 1997).

Although the affidavit contained no statements of the reliability of the informant, there is no need for such declarations when the informant's information is corroborated by other information. *See United States v. Le*, 173 F.3d 1258, 1266 (10th Cir. 1999); *United States v. Sturmoski*, 971 F.2d 452, 457 (10th Cir. 1992). Here, the agents obtained independent corroboration when the baggies in the trash tested positive for drugs. Pace's contentions that the information was stale are unavailing;

3

the agents collected the trash bags on the same day that the warrant was issued. The basketball schedule linked Pace to the trash. The K-Mart flyer linked the trash to the residence. The magistrate judge who issued the search warrant was permitted to draw reasonable inferences from the information provided in the warrant application. *United States v. Tisdale*, 248 F.3d 964, 971 (10th Cir. 2001). The information in the affidavit was sufficient to support the magistrate's finding of probable cause.

Pace argues that Agent Torrez knowingly lied in the affidavit because Torrez knew that Pace lived at another house in Hobbs. Pace claims that the false statements form the basis for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). To challenge the search warrant based on a false statement, Pace must show that the statement was both material and a deliberate falsehood or reckless disregard of the truth. *Franks*, 438 U.S. at 171. A simple misstatement resulting from negligence or inadvertence does not render a warrant invalid. *Id.*; *United States v. Colonna*, 360 F.3d 1169, 1174 (10th Cir. 2004). The informant indicated that Pace was dealing crack out of his residence at 1017 E. Jackson. The basketball team roster found in the trash provided independent corroboration linking Pace to the residence. Under these circumstances, Torrez's statement was not a deliberate falsehood or made in reckless disregard for the truth.

The affidavit was sufficient to support a finding of probable cause even in the absence of the statements regarding Pace's residency. *Franks*, 438 U.S. at 171-172. Where a false statement is made in an affidavit for a search warrant, the search warrant must be voided only if the affidavit's remaining content is insufficient to establish probable cause. *United States v. Basham*, 268 F.3d 1199, 1204 (10th Cir. 2001) (citing *Franks*, 438 U.S. at 171-72). If the material that is the subject of the alleged falsity is set aside, and there remains sufficient content in the affidavit to support

probable cause, no hearing is required. *Franks*, 438 U.S. at 171-72.

The affidavit recited that drug residue was found in the trash, along with written material linking the trash to the residence and Pace to the trash. If the statements concerning Pace's residence were set aside, the remaining information presented to the issuing magistrate judge provided a substantial basis for a finding of probable cause. The affidavit gave rise to probable cause to search the residence for drug activity regardless of who lived there. Because statements regarding residence were immaterial, and were not deliberate falsehoods or made with a reckless disregard for the truth, Pace is not entitled to a *Franks* hearing.

Even if the warrant were not supported by probable cause, the evidence would be admissible under the good faith exception to the exclusionary rule. *See United States v. Leon*, 468 U.S. 897, 919-22 (1984). Evidence seized under a warrant later found to be invalid may be admissible if the executing officers acted in good faith and with reasonable reliance on the warrant. *Id*. at 913. The government bears the burden of proving that its agents' reliance on a search warrant was objectively reasonable. *United States v. Corral-Corral*, 899 F.2d 927, 932 (10th Cir. 1990). However, there is a presumption that when an officer acts upon a search warrant, the officer is acting in good faith. *United States v. Price*, 265 F.3d 1097, 1101 (10th Cir. 2001).

The Supreme Court has identified four situations in which the good-faith exception to the warrant requirement is inapplicable: (1) if the magistrate or judge, in issuing a warrant, was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth; (2) if the issuing judge wholly abandoned his judicial role; (3) if the affidavit in support of the warrant was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) if the warrant was so facially deficient that

the executing officer could not reasonably believe it was valid.  *Leon*, 468 U.S. at 922-23; *see also*

*United States v. Tisdale*, 248 F.3d at 972 (discussing circumstances in which the good faith exception

is inapplicable).  None of these situations are present here.

Pace claims the good-faith exception does not apply because the affidavit did not sufficiently

corroborate the tip about crack dealing at the residence, and that Pace lived there, or establish the

informant's reliability or basis of knowledge.  The absence of information does not necessarily

preclude an officer from manifesting a reasonable belief that the warrant was properly issued.

*Danhauer*, 229 F.3d at 1007.  The good-faith exception applies because the officers' reliance on the

search warrant was objectively reasonable.  Pace has not shown reckless disregard for the truth or

that the affidavit was insufficient to support a finding of probable cause.  The evidence is  admissible

under the good faith exception.

Pace argues that the search violated his Fourth Amendment rights because the agents failed

to knock and announce their presence.  The common law knock and announce principle is guided by

reasonableness under the totality of circumstances in a given case.  *United States v. Banks*, 540 U.S.

31, 124 S.Ct. 521, 525. (2003).  The standard generally requires the police to announce their intent

to search before entering closed premises.  *Wilson v. Arkansas*, 514 U.S. 927 (1995).  The obligation

is excused when officers "have a reasonable suspicion that knocking and announcing their presence,

under the particular circumstances, would be dangerous or futile, or . . . would inhibit the effective

investigation of the crime by, for example, allowing the destruction of evidence."  *Richards v.*

*Wisconsin*, 520 U.S. 385, 394 (1997).  The risk of disposal of drug evidence is a valid factor in

evaluating the reasonableness of waiting time.  *Banks*, 540 U.S. 31, 124 S.Ct. at 526.

Agent Martinez testified that the officers knocked on the front door of the house and shouted

"police - search warrant."  They then waited 10 to 15 seconds.  After receiving no response, an officer unsuccessfully attempted to kick the door in three times.  After the third kick, another officer stepped in, kicked the door and it opened.  The object of the search was crack cocaine, an easily disposable substance.  After 10 to 15 seconds without a response, the officers could fairly have suspected that the suspects would flush away the cocaine if they did not force their way into the house.  Under the circumstances, I find that the officers' actions were objectively reasonable and complied with the knock and announce rule.

**WHEREFORE,**

        **IT IS ORDERED** that Defendant Pace's Motion to Suppress Evidence and Statements (Doc. 25), filed on August 1, 2004, is **DENIED**.


                                               _____
                                               **ROBERT C. BRACK**
                                               **UNITED STATES DISTRICT JUDGE**