IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                           NO. CR 04-0550 RB

DOUGLAS RAY PACE
and ARACELIA SALINAS,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant Pace's Motion to Dismiss Count V and Sentencing Factors (Doc. 44), Motion to Sever Counts (Doc. 45), Motion to Produce Informants and for Disclosure of Information Regarding Informants and Testifying Co-Defendant (Doc. 47), Motion in Limine (Doc. 46), and Motion to Sever Defendants (Doc. 48), filed on September 13, 2004. On November 2, 2004, I held a hearing and heard arguments on these matters. Having considered the submissions and arguments of counsel, and being otherwise fully advised, I find that these motions should be denied.

**I. Background.**

On August 5, 2004, Pace was charged by superseding indictment with three counts of distribution of less than five grams of crack in violation of 21 U.S.C. § § 841(a)(1) and 841 (b)(2), and aiding and abetting (18 U.S.C. § 2) (Counts I-III); possession with intent to distribute more than 50 grams of crack within 1000 feet of a school in violation of 21 U.S.C. § 860, and aiding and abetting (Count IV); and felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924 (a)(2) (Count V). Salinas was charged with managing and controlling a house for storing and

distributing crack in violation of 21 U.S.C. §§ 856(a)(2) and 856 (b), and aiding and abetting (Count VI). The indictment also contains nine sentencing factors pertaining to the quantity of crack cocaine, the distance to the school, obstruction of justice, and the number of firearms.

## II. Discussion.

### A. Motion to Dismiss Count V and Sentencing Factors.

Pace moves to dismiss Count V and Sentencing Factors 6 and 8 (both firearm factors) on the grounds of prosecutorial vindictiveness. Pace claims that, when he failed to accept the plea offer, the prosecutor filed a superceding indictment to punish him. In a supplement, Pace claims that it is undisputed that there is no evidence that Pace ever actually possessed any of the firearms listed in Count V.

The Supreme Court has held that a prosecutor may threaten to charge a greater offense if a defendant will not plead guilty to a lesser one, as long as the prosecutor has probable cause to believe that the defendant committed the greater offense. *Bordenkircher v. Hayes*, 434 U.S. 357 (1978). "Prosecutors enjoy broad discretion to select the charges against an accused, and a charging decision does not levy an improper penalty unless it results solely from the defendant's exercise of a protected legal right, rather than the prosecutor's normal assessment of the societal interest in prosecution." *United States v. Sarracino*, 340 F.3d 1148, 1177 (10th Cir. 2003) (internal citations omitted).

After Pace rejected the plea offer, the Government presented an additional firearm count to the grand jury. This is a classic example of the give and take of plea negotiations. "A claim of vindictive prosecution cannot insulate the defendant from the lawful consequences of his tactical choices." *United States v. Raymer*, 941 F.2d 1031, 1042 (10th Cir. 1991). Pace made the tactical choice to reject the plea offer and proceed to trial. Pace must live with the consequences of his

tactical choices.

Furthermore, the prosecution had facts sufficient to support probable cause on the firearm charge at the time the plea offer was extended. The superceding indictment was not as severe as it could have been. Pace will receive a jury trial under the superseding indictment. The motion to dismiss will be denied because Pace has not satisfied his burden of showing prosecutorial vindictiveness. The requests for discovery and in camera review of the grand jury tapes will be denied.

### B. Motion to Sever Counts.

Pace moves to sever Counts I-III (distribution of less than 5 grams of cocaine base) from Counts IV and V (possession with intent to distribute more than 50 grams of cocaine base and felon in possession of a firearm). Pace asserts that the evidence for Counts I-III will not overlap with the evidence for Counts IV and V because different participants were involved, the cumulative effect of the evidence will prejudice Pace, and Pace may elect to testify as to Counts I-III, but not as to Counts IV and V.

The mere fact that a defendant may have a better chance for acquittal by separate trials of charges is not sufficient to require severance. *United States v. Valentine*, 706 F.2d 282, 290 (10th Cir. 1983). The Tenth Circuit has consistently upheld joinder when a defendant is charged with being a felon in possession of a firearm in addition to substantive crimes. *See, e.g., United States v. Jones*, 213 F.3d 1253, 1260-1261 (10th Cir. 2000) (felon in possession and robbery); *United States v. Cox*, 934 F.2d 1114, 1119-1120 (10th Cir. 1991) (felon in possession and drugs). Joinder is appropriate where the charges are "of the same or similar character." *United States v. Holland*, 10 F.3d 696, 699 (10th Cir. 1993); *United States v. Sturmoski*, 971 F.2d 452, (10th Cir. 1992). In this case, the charges

are similar in character, temporally related enough to allege a common scheme or plan, and Pace has not shown prejudice. The motion to sever counts will be denied.

      **C.**    **Motion to Produce Informants and for Disclosure of Information Regarding Informants and Testifying Co-Defendant.**

Pace seeks the disclosure of a confidential informant who was present for the hand-to-hand buys that form the bases of Counts I-III. The Government responds that the buys were with an undercover agent who will testify and that the only confidential informant involved in the case was the source of the tip referenced in the warrant application.

A defendant seeking disclosure of information on a confidential informant has the burden of proof. *United States v. Sinclair*, 109 F.3d 1527, 1538 (10th Cir. 1997). The Government may withhold identity of an individual whose involvement is limited to furnishing police officers with information and is not an active participant. *Roviaro v. United States*, 353 U.S. 53 (1957). A defendant seeking to force disclosure of an informant's identity has the burden to show the informant's testimony is relevant or essential to the fair determination of defendant's case. *United States v. Gordon*, 173 F. 3d 761, 767 (10th Cir. 1999). "In determining whether to require disclosure, a court must balance the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id*. Pace has not carried his burden of showing that information concerning the confidential informant is necessary and essential for the fair determination of his case. The public interest in protecting the flow of information outweighs Pace's desire to fish for information in the hope that it might help his defense.

      **D.**    **Motion in Limine.**

Pace claims that the hand-to-hand buys that form the basis for Counts I-III were with a

confidential informant who will not be available to testify at trial. He argues that admission of the informant's hearsay statements would violate the rule announced in *Crawford v. Washington*, 124 S.Ct. 1354 (2004). The Government responds that the buys were with an undercover agent who will testify and that the only confidential informant involved in the case was the source of the tip referenced in the warrant application. So long as the agent testifies, there will be no *Crawford* problem. The motion in limine should be denied.

### E. Motion to Sever Defendants.

Pace seeks to sever his trial from that of co-defendant Salinas on the ground that she has exculpatory information. Specifically, Pace claims that Salinas would testify that she was the owner of the firearms in question. As a general rule, persons indicted together are tried together. *United States v. Martinez*, 76 F.3d 1145, 1152 (10th Cir. 1996). A defendant seeking severance bears the burden of establishing actual prejudice if tried with another defendant. *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Merely asserting a heightened chance of acquittal, or the negative "spillover effect" of evidence against a co-defendant is insufficient to warrant severance. *Martinez*, 76 F.3d at 1152.

When the accused's asserted reason for severance is the need for the testimony of a co-defendant, he must show that he would call the co-defendant at a severed trial, that the co-defendant would in fact testify, and that the testimony would be favorable to the moving defendant. *United States v. Dickey*, 736 F.2d 571, 590 (10th Cir.1984). For the second factor, more than a bald assertion that the co-defendants will testify at a separate trial is required. *United States v. Espinoza*, 771 F.2d 1382, 1408 (10th Cir. 1985). A defendant cannot establish the willingness of a co-defendant to testify on his behalf if the co-defendant's offer is further conditioned on the co-defendant's case

being tried first. *Id*. With respect to the third factor, the defendant must show more than a vague and conclusory statement to demonstrate that the co-defendant's testimony would be favorable. *Id*.

Pace claims that Salinas would testify that Pace did not live at the house in question and that the firearms belonged to her. Even if Salinas testified that Pace did not live at her address and that the firearms belonged to her, it would not negate the Government's evidence against Pace on the firearms charge. Salinas invoked her Fifth Amendment right not to testify at the November 2, 2004 hearing. Pace has failed to show that Salinas would testify at trial or that her testimony would be favorable to him. The motion to sever defendants should be denied.

**WHEREFORE,**

**IT IS ORDERED** that Defendant Pace's Motion to Dismiss Count V and Sentencing Factors (Doc. 44), Motion to Sever Counts (Doc. 45), Motion to Produce Informants and for Disclosure of Information Regarding Informants and Testifying Co-Defendant (Doc. 47), Motion in Limine (Doc. 46), and Motion to Sever Defendants (Doc. 48), filed on September 13, 2004, are **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**