**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**vs.**                                                             **NO.  CR 04-0550 RB**

**DOUGLAS RAY PACE**
**and ARACELIA SALINAS,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant Pace's Motion to Dismiss Superseding Indictment (Doc. 62), filed on October 20, 2004.  On November 2, 2004, I held a hearing in this case and allowed the Government until 5:00 p.m. on November 4, 2004 to respond to this motion.  The Government faxed a letter response.  Having considered the submissions of counsel, and being otherwise fully advised, I find that this motion should be denied.

**I. Background.**

On August 5, 2004, Pace was charged by superseding indictment with three counts of distribution of less than five grams of crack in violation of 21 U.S.C. § § 841(a)(1) and 841 (b)(2), and aiding and abetting (18 U.S.C. § 2) (Counts I-III); possession with intent to distribute more than 50 grams of crack within 1000 feet of a school in violation of 21 U.S.C. § 860, and aiding and abetting (Count IV); and felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924 (a)(2) (Count V).  Salinas was charged with managing and controlling a house for storing and distributing crack in violation of 21 U.S.C. §§ 856(a)(2) and 856 (b), and aiding and abetting (Count VI).  The indictment also contains nine sentencing factors, eight of which are directed at Pace.  These

eight factors concern the amount of cocaine base for which Pace is allegedly responsible, the distance of the offense location to a school, th involvement of firearms with the drug offense, the number of firearms, and obstruction of justice.

**II. Discussion.**

Pace moves to dismiss the superseding indictment, or to strike the sentencing factors, on the ground that the sentencing factors charge conduct that is not proscribed by any federal criminal statute, and thus, the inclusion of the sentencing factors violates his due process rights, the Grand Jury Clause of the Fifth Amendment, and FED. R. CRIM. P. 7 and 12. He further reasons that this court lacks subject matter jurisdiction over a prosecution for the sentencing factors.

The Government responds that it included the sentencing factors in anticipation that the Supreme Court might find the United States Sentencing Guidelines unconstitutional in light of *Blakely v. Washington*, ___ U.S. ___, 124 S.Ct. 2531 (2004).[1] The Government does not oppose striking the sentencing factors contained in the indictment if the defendants agree that the sentencing guidelines will apply at sentencing. At the November 2, 2004 hearing, defense counsel stated that they will not waive their *Blakely* arguments.

Pace relies on *United States v. Mutchler*, 333 F.Supp.2d 828 (S. D. Iowa 2004), in support of his arguments. *Mutchler* concluded that sentencing allegations should be stuck on constitutional and jurisdictional grounds. *Mutchler*, 333 F.Supp.2d 832-833. The difficulties with this approach were cogently highlighted by Judge Casey in *United States v. Gotti*, 2004 W.L. 2389755 ,*9 (S. D.

---

[1] Although the *Blakely* majority expressed no view on the ruling effect on the guidelines, *id*. at 2538 n. 9, Justice O'Connor observed in her dissent that the guidelines are virtually indistinguishable from the Washington sentencing system, *see id*. at 2549-2550 (O'Connor, J. dissenting). The issue of whether *Blakely* applies to the guidelines is now pending before the Supreme Court. *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004).

N. Y. Oct. 26, 2004). I find Judge Casey's approach in *Gotti* to be more persuasive than *Mutchler* with regard to the constitutional and jurisdictional arguments raised by Pace.

Pace has failed to show that the sentencing factors should be stricken. Federal Rule of Criminal Procedure 7(d) provides that, on a defendant's motion, the court "may strike surplusage from the indictment." FED. R. CRIM. P. 7(d). Acting in its discretion, the district court may strike as surplusage allegations that are irrelevant to the charges at issue, or that are inflammatory and prejudicial to the defendant. *United States v. Collins*, 920 F.2d 619, 621 (10th Cir. 1990). As written, the rule offers broad judicial discretion, but it has not been construed by the courts to favor the striking language. *See United States v. Cooper*, 283 F.Supp. 2d 1215, 1240 (D. Kan. 2003).

The sentencing factors are relevant to the crimes charged. Evidence concerning the quantity of cocaine, number of firearms, distance to the school and obstruction of justice would be admissible at trial. Because this information will be before the jury at trial, Defendants will not be prejudiced by the inclusion of the sentencing factors in the indictment. The jury does not normally have access to the indictment. In the event that the jury requests to see the indictment, I will entertain any request for a limiting instruction regarding the sentencing factors.

**WHEREFORE,**

**IT IS ORDERED** that Defendant Pace's Motion to Dismiss Superseding Indictment (Doc. 62), filed on October 20, 2004, is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**