IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>  Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>  )<br>DOUGLAS RAY PACE,  )<br>  )<br>  )<br>  Defendant.  ) | NO. CR 04-0550 RB |

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** came before the Court on Defendant's Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), based on the United States Sentencing Commission's recent amendment to the guidelines for offenses involving cocaine base, more commonly known as crack cocaine. Having considered the arguments of counsel, relevant law, and being otherwise fully informed, the Court finds that Defendant's sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2). Instead, his sentence was based on a valid plea agreement, pursuant to Fed.R.Crim.P. 11(c)(1)(C). Hence, this Court lacks jurisdiction to reduce Defendant's sentence, and his motion must be **DENIED**.

**I.   Background.**

to Fed.R.Crim.P. 11(c)(1)(C), the plea agreement stipulated that Defendant would be sentenced at an offense level 35, criminal history category I, and thereby receive a term of imprisonment between 168 to 210 months. The Court accepted the plea agreement and sentenced Defendant to a term of incarceration of 188 months. In the fall of 2007, the Sentencing Commission effectively made a two-level reduction in the crack cocaine base level. Defendant then filed his Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2).

## II.   Discussion.

### A. Applicable Legal Standards.

This Court is generally prohibited from reducing a sentence of imprisonment after expiration of the time limits set forth in Fed.R.Crim.P. 35. *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1996) (noting that a district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization). However, 18 U.S.C. § 3582(c)(2) provides statutory authorization for this Court to reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

The retroactive application of a change in the offense level of the Sentencing Guidelines is not required by U.S.S.G. § 1B1.10(a), but rather falls within this Court's discretion. *See United States v. Dorrough*, 84 F.3d 1309, 1312 (10th Cir. 1996). *See also United States v. Telman*, 28 F.3d 94, 96 (10th Cir. 1994), (noting "it is apparent from the language of § 1B1.10(a)–i.e., 'may

§ 3582(c)(2), because he had entered into a plea agreement that stipulated a specific sentence or sentencing range as allowed under Fed.R.Crim.P. 11(e)(1)(C), now Fed.R.Crim.P. 11(c)(1)(C).  As a result of the plea agreement stipulating a specific sentence or sentence range, the Tenth Circuit concluded that the defendant's sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," as required under 18 U.S.C. § 3582(c)(2), and instructed that the district court, therefore, should have dismissed the defendant's motion without considering its merits.  *Trujeque*, 100 F.3d at 871.

In *Trujeque*, the stipulated term of imprisonment was outside the range established by the applicable sentencing guideline.  Other authority, however, demonstrates that this Court also lacks jurisdiction under  18 U.S.C. § 3582(c)(2) to reduce the sentences of defendants who enter plea agreements that stipulate a sentence or sentencing range within the range established by the applicable sentencing guidelines. In *United States v. Olvera-Garcia*, 60 Fed.Appx. 221 (10th Cir. 2003), the Tenth Circuit applied its ruling in *Trujeque* to the combined appeals of three defendants whose plea agreements stipulated sentence ranges within the corresponding guideline ranges, holding that because none of the defendants demonstrated that their Fed.R.Crim.P. 11(e)(1)(C) plea agreements were invalid, the district court should have dismissed their 18 U.S.C. § 3582(c)(2) motions without addressing the merits.  *Olvera-Garcia*, 60 Fed.Appx. at 223-24.  Similarly, in *United States v. Nunez-Rios*, 2003 WL 464064 (10th Cir. 2003), the Tenth Circuit held that because Defendant's sentence was based on a sentencing range that he agreed to accept under Rule

Defendant essentially argues that, based on the crack cocaine amendments, his offense level would be reduced by 2, producing a lower guideline sentence range. However, Defendant's sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," as required by 18 U.S.C. § 3582(c)(2), even though the sentencing guideline may have influenced the stipulated sentence set forth in the Fed.R.Crim.P. 11(c)(1)(C) plea agreement. Instead, Defendant's sentence rests squarely on the parties' agreement. *See Trujeque*, 100 F.3d at 871. Further, Defendant does not argue that the Rule 11(c)(1)(C) plea agreement, which was ratified by the Court and adhered to by the parties, is invalid. This Court, therefore, lacks jurisdiction to address the merits of Defendant's motion.[1] The Court, nevertheless, commends Mr. Pace for his efforts to become a constructive role model for his children by using his time to educate and rehabilitate himself.

**III.   Conclusion.**

**IT IS HEREBY ORDERED** that Defendant's Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**