# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        **Plaintiff,**

v.                                    **No. CR 04-0550 RB**

DOUGLAS RAY PACE,

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant's Motion to Reconsider Relief Under Amendment 706 for Downward Departure (Doc. 132), filed on April 2, 2009.  Defendant requests reconsideration of my September 11, 2008 Memorandum Opinion and Order that denied Defendant's Motion to Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2).  Having considered Defendant's motion for reconsideration, relevant law, and being otherwise fully informed, the Court finds that Defendant's motion for reconsideration should be denied.

**I.**      **Background.**

On January 5, 2005, Defendant entered into a plea agreement with the United States Government and pled guilty to Counts I, II, III, and IV of a five-count Indictment, including charges for distribution of crack cocaine and distribution of crack cocaine within 1000 feet of a school. Count V of the Indictment was dismissed without prejudice as part of the plea agreement.  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the plea agreement stipulated that Defendant would be sentenced at an offense level 35, criminal history category I, and thereby receive a term of imprisonment between 168 to 210 months.  The Court accepted the plea agreement and sentenced Defendant to a term of incarceration of 188 months.  In the fall of 2007, the Sentencing Commission effectively

made a two-level reduction in the crack cocaine base level. Defendant then filed his Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2).

## II.    Discussion.

The Federal Rules of Criminal Procedure do not provide for motions to reconsider. However, the Tenth Circuit has recognized such a motion under the common law doctrine and considerations of judicial economy set forth in *United States v. Healey*, 376 U. S. 75 (1964). *See, e. g., United States v. Corey*, 999 F. 2d 493, 495 (10th Cir. 1993); *United States v. Anderson*, 85 F. Supp. 2d 1084, 1109-10 (D. Kan. 1999).  Motions to reconsider are essentially treated the same as motions to alter or amend judgment in the civil context under Fed. R. Civ. P. 59(e).  *Anderson*, 85 F. Supp. 2d at 1109-1110.  They should be granted only "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). Whether to grant or deny a motion to reconsider is committed to the district court's sound discretion. *Id*.

As I observed in my Memorandum Opinion and Order of September 11, 2008, this Court is generally prohibited from reducing a sentence of imprisonment after expiration of the time limits set forth in Fed. R. Crim. P. 35, and may modify a previously imposed sentence only pursuant to statutory authorization. (Doc. 132.) However, I further observed that 18 U.S.C. § 3582(c)(2) provides statutory authorization for this Court to reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).

Additionally, I determined that, while 18 U.S.C. § 3582(c)(2) may permit a reduction in some cases, the statute is inapplicable in the instant case.  In *United States v. Trujeque*, 100 F.3d 869 (10th Cir. 1996), the Tenth Circuit held that the defendant could not seek a reduction of his sentence,

pursuant to 18 U.S.C. § 3582(c)(2), because he had entered into a plea agreement that stipulated a specific sentence or sentencing range, as allowed under Fed. R. Crim. P. 11(e)(1)(C), now Fed. R. Crim. P. 11(c)(1)(C).

Similar to the defendant in *Trujeque*, Defendant was sentenced pursuant to a plea agreement that stipulated a specific sentencing range.  For this reason, Defendant's sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," as required by 18 U.S.C. § 3582(c)(2), even though the sentencing guideline may have influenced the stipulated sentence set forth in the Fed. R. Crim. P. 11(c)(1)(C) plea agreement.   Instead, Defendant's sentence rests squarely on the parties' agreement. *See Trujeque*, 100 F.3d at 871.  This Court, therefore, lacks jurisdiction to address the merits of Defendant's request for modification of sentence.

## III.    Conclusion.

While the Court realizes that Defendant would prefer a shorter sentence, no legal basis exists that would allow the Court to modify his sentence.  Defendant's motion for reconsideration is, therefore, denied.

**WHEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Reconsider Relief Under Amendment 706 for Downward Departure (Doc. 132), filed on April 2, 2009, is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**